UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X

SHANNON MONT,

                   Plaintiff,    **COMPLAINT**

       -against-

                           14 CV 4090 (AKH)

THE CITY OF NEW YORK; DET. ANGUS
MacKENZIE, Shield # 6284; U.C. # 273; and
P.O. JOHN DOES # 1-5; the individual    Jury Trial Demanded
defendant(s) sued individually and in
their official capacities,

                   Defendants.

---------------------------------------- X

## PRELIMINARY STATEMENT

     1.   This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. § 1983; the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York.  Plaintiff's claims arise from an incident that arose on or about November 17, 2012 and ended on May 25, 2013.  During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to: unlawful search and seizure; false arrest; unreasonable force; unlawful strip-search; fabricated evidence; malicious prosecution; denial of a fair trial; implementation and continuation of an unlawful municipal policy,

practice, and custom; and respondeat superior liability. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.   This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.   With respect to the malicious prosecution claim arising on May 25, 2013, plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  A notice of claim was duly filed on the City of New York within 90 days of the claim at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiff's claim.  Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of that claim.

4.   Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York

County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.   Plaintiff Shannon Mont, an African American, is a resident of the State of New York, New York County.

6.   At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.   At all times alleged herein, defendant Detective Angus MacKenzie, Shield # 6284, U.C. # 273, and P.O. John Does # 1-5 were New York City Police Officers employed with the Narcotics Boro Manhattan North, located in New York County, New York, or an other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

8.   The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

### Incident

9.   On November 17, 2012, at and in the vicinity of 144th Street between Broadway and Amsterdam Avenue, New York, New York, and the 25th Precinct located in New York, New York, several police officers, including upon information and belief,

3

defendants Det. MacKenzie, U.C. # 273, and P.O. John Does # 1-5, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

10.   On November 17, 2012, at approximately 6:30 p.m. and 7:00 p.m., at and in the vicinity of 144th Street between Broadway and Amsterdam Avenue, New York, New York, defendants Det. MacKenzie, U.C. # 273, and P.O. John Does # 1-5, without either consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime unlawfully arrested plaintiff.

11.   Plaintiff was walking in his neighborhood when the police suddenly approached him.

12.   The police grabbed plaintiff, pushed him onto a parked car, and handcuffed him in excessively tight handcuffs.

13.   The police searched plaintiff and found no narcotics, weapons or contraband on him.

14.   The police kept plaintiff on the street for several minutes in handcuffs.

15.   Plaintiff complained that he had done nothing wrong.

16.   The police put plaintiff in a van and transported him to the 25th Precinct.

4

17.    While plaintiff was at the Precinct the police subjected him to strip search in a non-private manner by making him take off his pants and expose his genitals and rear-end.

18.    No contraband was found on plaintiff.

19.    The police eventually transported plaintiff to Manhattan Central Booking for arraignment.

20.    Afterwards, plaintiff was held at the Manhattan Detention Center until he was released on bail.

21.    In order to cover up their illegal actions, the police, pursuant to a conspiracy, initiated, and falsely and maliciously told the New York County District Attorney's Office that plaintiff had committed various crimes, by swearing out a false complaint and filing false police reports.

22.    The police made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime, to cover up their misconduct, to meet productivity goals and quotas, and/or to justify overtime expenditures.

23.    Based upon the defendants' false information, the New York County District Attorney's Office chose to prosecute plaintiff.

24.    Upon information and belief, the unlawful actions against plaintiff were also based on profiling.

25.   After having to appear in criminal court several times, the charges against plaintiff were dismissed in their entirety or May 25, 2013, terminating in plaintiff's favor.

**General Allegations**

26.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

27.   Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-stated incidents.

28.   At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner.

29.   The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

30.   As a direct and proximate result of defendants'
actions, plaintiff experienced personal and physical injuries,
pain and suffering, fear, an invasion of privacy, psychological
pain, emotional distress, mental anguish, embarrassment,
humiliation, and financial loss.

31.   Plaintiff is entitled to receive punitive damages
from the individual defendants because their actions were
motivated by extreme recklessness and indifference to
plaintiff's rights.

### FIRST CLAIM

#### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

31.   Plaintiff repeats and realleges all the foregoing
paragraphs as if the same were fully set forth at length herein.

32.   Defendants unlawfully stopped and searched
plaintiff without consent, an arrest warrant, probable cause, or
reasonable suspicion.

33.   Accordingly, defendants are liable to plaintiff
for unlawful search and seizure under 42 U.S.C. § 1983; and the
Fourth Amendment to the United States Constitution.

### SECOND CLAIM

#### (FALSE ARREST UNDER FEDERAL LAW)

34.   Plaintiff repeats and realleges all the foregoing
paragraphs as if the same were fully set forth at length herein

35.   Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion.

36.   Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## THIRD CLAIM

### (UNREASONABLE FORCE)

37.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

38.   The individual defendants' use of force upon plaintiff, as described herein, was objectively unreasonable.

39.   Accordingly, defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM

### (FAILURE TO INTERVENE)

40.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

41.   Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

42.    Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

### FIFTH CLAIM

### (DENIAL OF A FAIR TRIAL)

43.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

44.    The individual defendants are liable to plaintiff because they intentionally conspired to fabricate evidence against plaintiff, including omitting and/or manipulating evidence, and suppressing exculpatory evidence and forwarded that false evidence to prosecutors and the court.

45.    Furthermore, the individual defendants violated the law by making false statements by drafting and signing false criminal court complaints and/or false police reports and forwarding them to prosecutors and the court.

46.    The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it is well established that individuals who knowingly use false evidence to obtain a conviction act unconstitutionally, depriving plaintiff of liberty without due process of law, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

## SIXTH CLAIM

### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

47.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

48.   The individual defendants are liable to plaintiff for malicious prosecution because prior to any grand jury action, with intent, knowledge, and malice, the defendants initiated a malicious prosecution against plaintiff by drafting and signing a sworn criminal court complaint and police reports that provided false information to the court, alleging plaintiff had committed various crimes.

49.   The individual defendants lacked probable cause to believe the above-stated malicious prosecution could succeed.

50.   The individual defendants initiated the above-stated malicious prosecution to cover up their illegal and unconstitutional conduct.

51.   The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on plaintiff.

## SEVENTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER STATE LAW)

52.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

10

53. The individual defendants are liable to plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution(s) against plaintiff by knowingly, intentionally, and maliciously providing false statements (including signed complaints and police reports) to prosecutors and/or the court(s), which alleged plaintiff had committed various crimes.

54. The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

55. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

## EIGHTH CLAIM

### (UNLAWFUL STRIP-SEARCH)

56. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

57. Plaintiff was strip-searched by the defendants without regard to probable cause or reasonable suspicion. The strip-search was also unlawful because it was carried out in a non-private manner.

58. Accordingly, the defendants are liable to plaintiff for their unlawful strip-search.

11

## NINTH CLAIM

### (MONELL CLAIM)

55.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

56.   Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

57.   Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiffs: (1) unlawfully stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully arresting individuals based on pretexts and profiling; (4) using unreasonable force on individuals; (5) fabricating evidence against innocent persons; and (6) unlawfully strip searching innocent persons.

58.   Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

59.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The

City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

60.  Further, defendants City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

61.  The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

62.  The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

63.  The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

**TWELFTH CLAIM**

**(RESPONDEAT SUPERIOR)**

64.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

65.  The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described malicious prosecution of plaintiff.

66.   The City of New York is therefore vicariously liable under New York State law for the aforesaid tort.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.   Compensatory damages in an amount to be determined by a jury;

b.   Punitive damages in an amount to be determined by a jury;

c.   Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.   Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   Brooklyn, New York
         June 3, 2014

MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiff*
16 Court Street, Ste. 3301
Brooklyn, New York 11241
(718) 246-2900
mhueston@nyc.rr.com
By:

___s/_____
MICHAEL O. HUESTON

15